IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RONALD R. WADDELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| THE BRACHFELD LAW GROUP, P.C., SHERMAN FINANCIAL GROUP, LVNV FUNDING LLC, and RESURGENT CAPITAL SERVICES L.P., | ) ) ) ) ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

## PARTIES

4. Plaintiff Ronald R. Waddell (hereinafter "Plaintiff") is a natural person who resides in Greene County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant The Brachfeld Law Group, P.C. (hereinafter "Defendant Brachfeld") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited partnership organized in California, and may be served through its agent for service of process in Tennessee as follows: Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203.

6. Defendant Sherman Financial Group, LLC (hereinafter "Defendant Sherman") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Delaware, that maintains The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its registered agent for service of process.

7. Defendant LVNV Funding LLC (hereinafter "Defendant LVNV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, and maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

8. Defendant Resurgent Capital Services L.P. (hereinafter "Defendant Resurgent") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Delaware that is a wholly owned subsidiary of Defendant Sherman, which has its principal place of business located in Greenville, SC, and maintains CT Corporation System,

800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

**FACTUAL ALLEGATIONS**

9. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill allegedly originally owed to or serviced by HSBC/Orchard Bank (hereinafter referred to as "HSBC"), and allegedly owed by Plaintiff.

10. Sometime prior to January 27, 2011, the alleged debt went into default and was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

11. Defendants Sherman, LVNV and Resurgent (hereinafter collectively the "Sherman Defendants") operate as a debt buying enterprise. Defendant Sherman is not simply a parent holding company, though it owns 100% of the shares and interests in Defendants LVNV and Resurgent. Instead, all three Defendants operate as parts of a single business operation. Defendant Sherman provides management and decision-making, Defendant LVNV exists as an employee-less paper entity that holds title to the enterprise's purchased debt portfolios and Defendant Resurgent operates as the front for contact with the targeted debtor-consumers, calling itself the "servicer" of the Defendants' collection accounts.

12. On its webpage, Defendant Sherman explains that it "is a diversified consumer finance company that, through its subsidiaries and affiliates, originates, purchases and services all types of consumer debt in the United States and Mexico."

13. Defendant Sherman further explains online that, "Through its subsidiary and affiliated companies, Sherman is engaged in the direct origination of consumer loans, investment in performing and non-performing consumer debt originated by financial institutions, credit card companies, retailers and others, and the servicing of an array of consumer assets." See http://www.sfg.com/ last visited January 23, 2012.

14. Defendant Sherman does not operate independent of Defendants Resurgent and LVNV. It does not have a separate office, separate management or separate business and income. Instead, it serves as the name of the Sherman family of subsidiaries, all of who are interrelated and inseparably operated as a single business operation.

15. The Sherman Defendants are engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

16. The FDCPA bars debt collectors from communicating with third parties other than the consumer, the consumer's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, except under certain very limited circumstances enumerated by statute, i.e., acquiring the consumer's "location information". 15 U.S.C. §§ 1692a(7), 1692c(b) and 1692b.

17. Despite this prohibition and despite knowing Plaintiff's home address, home telephone number and place of employment, Defendants sent a communication to Plaintiff in connection with the collection of the debt claiming to communicate "with their affiliated financial services companies in connection with administering and collecting accounts" when, under the FDCPA, they clearly could not legally do so.

18. The FDCPA prohibits false, deceptive, or misleading communications in connection with collection of a debt. 15 U.S.C. § 1692e.

19. Despite this prohibition, Defendant Brachfeld sent misleading and deceptive communications to Plaintiff in connection with collection of the debt that raised the specter of potential legal action by using its law firm to collect the debt when the firm had stated that it was not acting in its legal capacity when it sent the letters.

20. Defendants do not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

*January 27, 2011 Collection Letter and Privacy Notice*

21. Within one year prior to the filing of this Complaint, on or about January 27, 2011, Defendant Brachfeld sent a collection letter to Plaintiff dated January 27, 2011. A redacted copy of the January 27, 2011 collection letter is filed as Exhibit 1 to this Complaint.

22. The January 27, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

23. The January 27, 2011 collection letter prominently displays the name: "**THE BRACHFELD LAW GROUP, PC**" written at the top right-hand corner of the first page in all capital letters and bold print.

24. The January 27, 2011 collection letter provides, to the right of the Plaintiff's address block, the name and address: "Brachfeld Law Group. P.C., PO Box 421088, HOUSTON, TX 77242-1088". (Capital letters in original)

25. The January 27, 2011 collection letter was the initial written communication in connection with collection of the debt sent by Defendant Brachfeld.

26. The January 27, 2011 collection letter stated that (a) the current creditor on the account was Defendant LVNV, (b) the last four digits of the originator account were 3958, and (c) the total amount due was $4,225.57.

27. The January 27, 2011 collection letter further stated that:

> "The named current creditor has placed this account with our office for collection.
> . . .
> Although we are a law firm, lawyers may also be debt collectors, and we are operating only as a debt collector and not in any legal capacity at this time. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. Attorneys in this firm are only licensed in California and we do not sue in any other state. Moreover, because we are not acting in any legal capacity at this time, this letter should not be construed as a threat of suit by our client, as no such decision has been made by our client.
> . . .
> **THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."** (all bold and capital letters in original document)

28. The January 27, 2011 collection letter was not signed.

29. In the same envelope as the collection letter was a second document titled "PRIVACY NOTICE", which stated that it was being given on behalf of Defendant LVNV and its affiliates (hereinafter the "Sherman Companies") (hereinafter "the Privacy Notice"). A copy of the privacy notice is filed as Exhibit 2 to this Complaint.

30. The Privacy Notice was sent in connection with collection of the debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

31. The Sherman Companies Privacy Notice mailed by Defendant Brachfeld contains the following statements, in pertinent part:

> **Information We May Collect**. The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, <u>such as your name, address, social security number, and assets</u>; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, <u>such as your income and payment history</u>; (3) information that we receive from consumer reporting agencies, <u>such as your creditworthiness and credit history</u>, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information". (Bold, underlined letters in original) (Emphasis added)
>
> . . .
>
> **Sharing Collected Information with Affiliates and Third Parties**
>
> **Sharing with Affiliates**. From time to time, the Sherman Companies may share collected information about customers and former customers <u>with each other and with their affiliated financial services companies in connection with administering and collecting accounts</u>. (Bold, underlined letters in original) (Emphasis added)

32. The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

33. For that reason, without the prior consent of the consumer given directly to the Defendants, they may not communicate with any other person in connection with the collection of the debt, except Plaintiff, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

34. When Defendants communicated the threat to Plaintiff that they were going to communicate with third parties outside the list enumerated by the FDCPA, they were already aware of all three items of information that are included in the definition of "location information" – where he lived, his telephone number where he lived, and his place of employment.

35. The statement that Defendants communicate with other parties outside of the parties enumerated under the FDCPA is misleading and deceptive.

36. It misleads the least sophisticated consumer into believing that third parties may be contacted and asked to provide information concerning the Plaintiff other than "location information", when the FDCPA forbids such third party contact.

37. It misleads the least sophisticated consumer into believing that Defendants may provide "nonpublic personal information", including the fact that Plaintiff owes a debt to Defendant LVNV, to third parties outside the list enumerated by the FDCPA when the FDCPA forbids such disclosure.

38. Any procedures maintained (i.e., actually employed or implemented) by Defendants to avoid errors under the FDCPA failed to avoid communicating threats to Plaintiff that they were going to communicate with third parties outside the list enumerated by the FDCPA when they were already aware of all three items of information that are included in the definition of "location information".

39. If false, the statement that Defendant LVNV communicates, in connection with collection of the debt, with third parties outside of the parties enumerated under the FDCPA, in violation of 15 U.S.C. §§ 1692b(1), 1692b(2), and 1692c(b), is misleading and deceptive in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

40. If true, the third party contact is patently unlawful.

### *April 15, 2011 Collection Letter*

41. Within one year prior to the filing of this Complaint, on or about April 15, 2011, Defendant Brachfeld sent a collection letter to Plaintiff dated April 15, 2011. A redacted copy of the April 15, 2011 collection letter is filed as Exhibit 3 to this Complaint.

42. The April 15, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

43. The April 15, 2011 collection letter prominently displays the name: "**THE BRACHFELD LAW GROUP, PC**" written at the top right-hand corner of the first page in all capital letters and bold print.

44. The April 15, 2011 collection letter provides, to the right of the Plaintiff's address block, the name and address: "Brachfeld Law Group. P.C., PO Box 421088, HOUSTON, TX 77242-1088". (Capital letters in original)

45. The April 15, 2011 collection letter was a subsequent communication in connection with collection of the debt sent by Defendant Brachfeld.

46. The April 15, 2011 collection letter stated that (a) the current creditor on the account was Defendant LVNV, (b) the last four digits of the originator account were 3958, and (c) the total amount due was $4,293.82.

47. The April 15, 2011 collection letter further stated that:

> "Although we are a law firm [sic] lawyers may also be debt collectors, and we are operating only as a debt collector and not in any legal capacity at this time. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. Attorneys in this firm are only licensed in California, Ohio and Texas and we currently litigate only in California and do not sue in any other state. Moreover, because we are not acting in any legal capacity at this time [sic] this letter should not be construed as a threat of suit by our client, as no such decision has been made by our client.
>
> **THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**" (all bold and capital letters in original document)

48. The April 15, 2011 collection letter was not signed.

### July 14, 2011 Collection Letter

49. Within one year prior to the filing of this Complaint, on or about July 14, 2011, Defendant Brachfeld sent a collection letter to Plaintiff dated July 14, 2011. A redacted copy of the July 14, 2011 collection letter is filed as Exhibit 4 to this Complaint.

50. The July 14, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

51. The July 14, 2011 collection letter prominently displays the name: "**THE BRACHFELD LAW GROUP, PC**" written at the top right-hand corner of the first page in all capital letters and bold print.

52. The July 14, 2011 collection letter provides, to the right of the Plaintiff's address block, the name and address: "Brachfeld Law Group. P.C., PO Box 421088, HOUSTON, TX 77242-1088". (Capital letters in original)

53. The July 14, 2011 collection letter was a subsequent communication in connection with collection of the debt sent by Defendant Brachfeld.

54. The July 14, 2011 collection letter stated that (a) the current creditor on the account was Defendant LVNV, (b) the last four digits of the originator account were 3958, and (c) the total amount due was $4,389.77.

55. The July 14, 2011 collection letter further stated that:

> "Although we are a law firm, lawyers may also be debt collectors, and we are operating only as a debt collector and not in any legal capacity at this time. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. Attorneys in this firm are only licensed in California and we do not sue in any other state. Moreover, because we are not acting in any legal capacity at this time [sic] this letter should not be construed as a threat of suit by our client, as no such decision has been made by our client.

. . .

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**" (all bold and capital letters in original document)

56. The July 14, 2011 collection letter was not signed.

*September 20, 2011 Collection Letter*

57. Within one year prior to the filing of this Complaint, on or about September 20, 2011, Defendant Brachfeld sent a collection letter to Plaintiff dated September 20, 2011. A redacted copy of the September 20, 2011 collection letter is filed as Exhibit 5 to this Complaint.

58. The September 20, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

59. The September 20, 2011 collection letter prominently displays the name: "**THE BRACHFELD LAW GROUP, PC**" written at the top right-hand corner of the first page in all capital letters and bold print.

60. The September 20, 2011 collection letter provides, to the right of the Plaintiff's address block, the name and address: "Brachfeld Law Group. P.C., PO Box 421088, HOUSTON, TX 77242-1088". (Capital letters in original)

61. The September 20, 2011 collection letter was a subsequent communication in connection with collection of the debt sent by Defendant Brachfeld.

62. The September 20, 2011 collection letter stated that (a) the current creditor on the account was Defendant LVNV, (b) the last four digits of the originator account were 3958, and (c) the total amount due was $4,440.21 .

63. The September 20, 2011 collection letter further stated that:

> "Although we are a law firm, lawyers may also be debt collectors, and we are operating only as a debt collector and not in any legal capacity at this time. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. Attorneys in this firm are only licensed in California and we do not sue in any other state. Moreover, because we are not acting in any legal capacity at this time [sic] this letter should not be construed as a threat of suit by our client, as no such decision has been made by our client.
> . . .
>
> **THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."** (all bold and capital letters in original document)

64. The September 20, 2011 collection letter was not signed.

### *Collection Service Licensing – Defendant Sherman and Defendant LVNV*

65. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.** Tenn. Code Ann. § 62-20-102(3). (emphasis added)

66. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

67. Both Defendant Sherman and Defendant LVNV are "collection services" as defined by Tennessee state law.

68. As of the date of the filing of the collection lawsuit against Plaintiff, neither Defendant Sherman nor Defendant LVNV had applied for or been issued a valid collection service

12
Case 2:12-cv-00033-JRG-DHI   Document 1   Filed 01/27/12   Page 12 of 19   PageID #: 12

license by the Tennessee Collection Service Board necessary for a collection service to legally collect debts in Tennessee.

69. Any procedures maintained (i.e., actually employed or implemented) by Defendants Sherman and LVNV to avoid errors under the FDCPA failed to avoid using false, deceptive, or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers that they received by assignment and/or purchased by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff.

70. Any procedures maintained (i.e., actually employed or implemented) by Defendants Sherman and LVNV to avoid errors under the FDCPA failed to avoid threatening to take any action that cannot legally be taken by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff.

71. Any procedures maintained (i.e., actually employed or implemented) by Defendants Sherman and LVNV to avoid errors under the FDCPA failed to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff.

72. By attempting to collect the debt from Plaintiff at a time when Defendants Sherman and LVNV were not licensed as a collection service by the Tennessee Collection Service Board, Defendants Sherman and LVNV violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

### Collection Service Licensing – Defendant Brachfeld

73. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity. Tenn. Code Ann. § 62-20-102(3). (emphasis added)

74. "Client" means any person who retains the services of a collection service and for such services directly provides the fees, commission or other compensation. Tenn. Code Ann. § 62-20-102(2)

75. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

76. Any person who places an account with a collection service is responsible for determining that the service is licensed as required by this chapter. Tenn. Code Ann. § 62-20-118.

77. Defendant Brachfeld has not been issued a valid collection service license necessary to legally collect debts in Tennessee.

78. The Tennessee Collection Act provides an exemption from its licensing requirements for attorneys at law. Tenn. Code. Ann. § 62-20-103(a)(2).

79. The exemption from the licensing requirements for attorneys at law is not a "per se" exemption, with the Tennessee Attorney General interpreting the exemption for attorneys as being "applicable only to those attorneys who seek to collect the debts owing to their

clients who have retained them for their services as attorneys." Tennessee Attorney General ("TAG") Opinion No. 00-105. A copy of this opinion is filed as Exhibit 6 to this Complaint.

80. It is clear from the language of Defendant Brachfeld's letter that since "no attorney with this firm has personally reviewed the particular circumstances of Plaintiff's account", "[a]ttorneys in this firm are only licensed in California and we do not sue in any other state", and that it was "not acting in any legal capacity" during the time it was attempting to collect the debt from Plaintiff, Defendant LVNV could only have hired Defendant Brachfeld as a collection service and not for their services as attorneys to collect the debt from Plaintiff, a consumer in Tennessee.

81. Defendant LVNV failed to determine that Defendant Brachfeld was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

82. Any procedures maintained (i.e., actually employed or implemented) by Defendant Brachfeld to avoid errors under the FDCPA failed to avoid using false, deceptive, or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to attempting to collect the debt from Plaintiff.

83. Any procedures maintained (i.e., actually employed or implemented) by Defendant Brachfeld to avoid errors under the FDCPA failed to avoid threatening to take any action that cannot legally be taken by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to attempting to collect the debt from Plaintiff.

15
Case 2:12-cv-00033-JRG-DHI   Document 1   Filed 01/27/12   Page 15 of 19   PageID #: 15

84. Any procedures maintained (i.e., actually employed or implemented) by Defendant Brachfeld to avoid errors under the FDCPA failed to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to attempting to collect the debt from Plaintiff.

85. Any procedures maintained (i.e., actually employed or implemented) by Defendant LVNV to avoid errors under the FDCPA failed to avoid using false, deceptive, or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers by failing to determine that Defendant Brachfeld was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

86. Any procedures maintained (i.e., actually employed or implemented) by Defendant LVNV to avoid errors under the FDCPA failed to avoid threatening to take any action that cannot legally be taken by failing to determine that Defendant Brachfeld was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

87. Any procedures maintained (i.e., actually employed or implemented) by Defendant LVNV to avoid errors under the FDCPA failed to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to determine that Defendant Brachfeld was licensed as a collection service as required by the Tennessee Collection Service Act prior to placing Plaintiff's account with them for collection.

88. By attempting to collect the debt from Plaintiff at a time when Defendant Brachfeld was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Brachfeld violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

89. The failure of Defendant Brachfeld to become licensed by the Tennessee Collection Service Board when it had been hired only as a collection service and not for its services as attorneys would mislead the least sophisticated consumer by suggesting that Defendant Brachfeld had state approval to legally attempt to collect debts in Tennessee without being licensed as a collection service, in violation of 15 U.S.C. §§ 1692e, 1692e(1), and 1692e(10).

### *Respondeat Superior Liability*

90. The acts and omissions of Defendant Brachfeld as an agent for Defendant LVNV and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of its agency relationship with its principal, Defendant LVNV.

91. The acts and omissions by Defendant Brachfeld were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by Defendant LVNV in collecting consumer debts.

92. By committing these acts and omissions against Plaintiff, Defendant Brachfeld was motivated to benefit its principal, Defendant LVNV.

93. Defendant LVNV is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant LVNV including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

*Summary*

94. The above-detailed conduct by Defendants and their agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

95. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

96. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

97. The foregoing acts and omissions of Defendants constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

98. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against each and every Defendant:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

01/27/12                              Respectfully submitted,

**RONALD R. WADDELL**


/s/     Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com

19
Case 2:12-cv-00033-JRG-DHI   Document 1   Filed 01/27/12   Page 19 of 19   PageID #: 19